Shrestha v. Holder

BIA
Cheng, IJ
A088 834 201

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand thirteen.

PRESENT:
> JON O. NEWMAN,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
>    *Circuit Judges*.

_____

RAJESH SHRESTHA,
>    *Petitioner*,

> v.                                    12-1951
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent*.

_____

FOR PETITIONER:        Khaghendra Gharti-Chhetry, New York, New York.

FOR RESPONDENT:        Stuart F. Delery, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Kimberly A. Burdge, Trial Attorney, Office of Immigration Litigation,

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Rajesh Shrestha, a native and citizen of Nepal, seeks review of an April 17, 2012, decision of the BIA affirming the November 17, 2009, decision of Immigration Judge ("IJ") Mary M. Cheng, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rajesh Shrestha,* No. A088 834 201 (B.I.A. Apr. 17, 2012), *aff'g* No. A088 834 201 (Immig. Ct. N.Y. City Nov. 17, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA decision. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For applications such as this one, governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, "[c]onsidering the totality of the circumstances," the agency may base a credibility determination on the demeanor of the applicant as well as the consistency of the applicant's statements with other record evidence, regardless of whether an inconsistency "goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

Contrary to Shrestha's assertion, the agency reasonably relied on inconsistencies between his testimony and other record evidence in finding his testimony incredible. *Xiu Xia Lin*, 534 F.3d at 167. Shrestha testified that Maoists had never tried to abduct him, whereas his brother stated in a letter that Shrestha "had been tried to be abducted," and Shrestha also testified that Maoists had threatened to "close down the [family] shop," whereas he later conceded that there was no such threat. Shrestha's explanation for the inconsistency between his testimony and his brother's letter – that his brother "could well" have been referring to a separate incident – does not compel a reasonable

adjudicator to conclude that Shrestha's testimony should be credited.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  The adverse credibility determination was further supported by Shrestha's omission from his application of a threatening telephone call to his family, given that the application was otherwise detailed and comprehensive.  *Xiu Xia Lin*, 534 F.3d at 166 n.3. Shrestha's explanation for the omission – that it was less threatening than other calls – does not compel a contrary result.  *Majidi*, 430 F.3d at 80-81.

Moreover, the agency's adverse credibility determination also was supported by its demeanor finding – that Shrestha's testimony was vague and nonresponsive, particularly when he was asked to explain inconsistencies. Although Shrestha faults the agency for failing to refer to specific aspects of his poor demeanor, as the demeanor findings were supported by specific examples of unresponsive testimony, we afford "particular deference" to those findings.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006); *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

Given the inconsistencies and demeanor finding, the adverse credibility determination is supported by substantial evidence.

Furthermore, the BIA reasonably concluded that Shrestha had not shown mistreatment amounting to past persecution and that his claim of fear of future persecution was diminished by his return to Nepal on two occasions after trips to Dubai and by his family's continued safe residence in Nepal.

We have considered Shrestha's arguments regarding the agency's denial of CAT relief, and find that, given the adverse credibility determination, they lack merit. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5